IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-190-RAH-JTA |
| | ) | (WO) |
| ADRIAN, both as an individual and as an employee of Circle K Inc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Complaint (Doc. No. 1) filed by frequent *pro se* Plaintiff Peter J. Smith, who is proceeding *in forma pauperis*. Also before the Court is Smith's amended Application to Proceed Without Prepayment of Fees. (Doc. No. 8.) For the reasons stated below, it is ORDERED that Smith's Application to Proceed Without Prepayment of Fees (Doc. No. 8) is GRANTED. Further, as explained below, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and Smith's state law claims should alternatively be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## I.     STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a

party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"[S]ection 1915[(e)(2)(b)(i)], unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 4:22-cv-00139-CDL-MSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). A claim is subject to dismissal as frivolous under § 1915(e)(2)(B)(1) if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

The term "frivolous" as used in § 1915(e)(2)(B)(i) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," such as when the claim is founded on "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Further, in determining whether a complaint is frivolous and malicious, "a litigant's history of bringing unmeritorious litigation can be considered." *Bilal*, 251 F.3d at 1350. A complaint may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) when the complaint is meritless abuse of judicial process. *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal of litigation as malicious where the plaintiff was justifiably found to be a vexatious litigant and the complaint an abuse of process because the plaintiff filed his complaint simultaneously in multiple districts across the country).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Id.* at 477 (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id.*; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a

4

plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10-cv-826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10-cv-826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662).

"While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   DISCUSSION

### A.   Smith's Application to Proceed *In Forma Pauperis*

In accordance with an Order entered April 12, 2023 (Doc. No. 6), Smith timely filed a corrected Application to Proceed Without Prepayment of Fees (Doc. No. 8). The Application is sufficient to establish that Smith is entitled to proceed *in forma pauperis* and is due to be granted.

### B.   Smith's Litigation History Against Circle K and Its Employees

Smith has filed numerous lawsuits against Circle K and its employees, including Defendant Adrian,[1] several of which are currently pending, and the rest of which – consistent with Smith's overall vexatious litigation record[2] – have been dismissed prior to

---

[1] Defendant is simply named as "Adrian, both as an individual and as an employee of Circle K Inc." (Doc. No. 1 at 1.) Smith does not supply Adrian's full name, so it is not clear whether "Adrian" is a first or last name. Smith alleges Adrian is "a Black Male." (Doc. No. 1 at 2.)

[2] As of the date of this Recommendation, Smith has filed forty-nine cases in this court. "In fact, he has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of meritless *in forma pauperis* cases in this court's history." *Smith v. Circle K Inc.*, No. 2:23-CV-67-MHT-JTA, 2023 WL 5603188, at *3 (M.D. Ala. July 14, 2023) (footnote omitted), *report and recommendation adopted*, No. 2:23CV67-MHT, 2023 WL 5596245 (M.D. Ala. Aug. 29, 2023). "A review of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two." *Id.* at n.4. Nearly every case Smith has filed has been dismissed pursuant to 28 U.S.C. § 1951(e)(2)(B) as frivolous or for failure to state a claim upon which relief can be granted, for failure to comply with court orders, for failure to prosecute, or for lack of jurisdiction.

service of process for failure to state a claim upon which relief can be granted, failure to

comply with court orders, failure to prosecute, or lack of jurisdiction. *See, e.g.*, *Smith v.*

*Circle K Inc., et al.*, 2:23-cv-00578-ECM-CWB (alleging two women stared at Smith in

the Circle K and asked him to move his things so that they could access the chili dispenser,

---

*See Smith v. Circle K Inc., et al.*, 2:23-cv-00578-ECM-CWB; *Smith v. Circle K Inc., et al.*, 2:23-cv-00576-MHT-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP; *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA; *Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; *Smith v. City of Montgomery*, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

which he refused to do because he was heating his food in the microwave after purchasing a Polar Pop; allegedly, Gloria (whoever that may be) got the manager, Keisha, involved in the chili dispenser vs. microwave access dispute; Keisha told Smith to leave the store, and he did, but not until after he finished heating his food; then, on a subsequent occasion at the Circle K, Adrian called the police, who told Smith he was banned from the store; there are also allegations that the Circle K "allowed" "the woman" to "come back later" and threaten Smith with a gun, and Smith feels that "it just seems suspicious" that the police did not want to do anything about "the woman" or her firearm; for all of the above, Smith sought "$1.6 billion for this the 8th case against Circle K;" Smith was ordered to amend his complaint because his original complaint failed to state a claim upon which relief can be granted and did not establish the existence of subject matter jurisdiction); *Smith v. Circle K Inc.*, et al., 2:23-cv-00576-MHT-JTA (seeking "$1.8 billion" in damages because Circle K employee Adrian called the police, who arrived in time to witness Smith purchase an oatmeal cream pie at the Circle K self-checkout station; the police told Smith he was banned from the store, would not be allowed back in the store, and would be arrested if he did go back in); *Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA (seeking "$350 million" in damages because the defendant yelled at Smith "from across the store" and accused Smith of being unable to read; a recommendation has been entered for dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for failure to comply with a court order to amend the complaint); *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP (seeking $200,000,000.00 in damages in a case arising out of an incident in which the defendant told Smith he was not allowed in the

Circle K store anymore, refused to sell to Smith, yelled at him, and told him to put back items that he had selected; the case was dismissed for failure to comply with court orders); *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA (seeking damages in the amount of "$1 Billion as well as pain and suffering" and punitive damages for creation of a "hosstile (sic) shopping environment," two separate alleged assaults on Smith by Circle K employees (one of which was not committed by the defendant), defamation, witness tampering, gender, age, and race discrimination, "[c]onspiracy to commit bodily harm on Law Enforcement,"[3] and "[c]onspiracy to commit bodily harm on a picensed (sic) paralegal"); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00078-MHT-JTA (seeking damages in the amount of "$350 million" in a complaint arising out of an alleged incident in which Smith was sitting at a table at Circle K after purchasing an item and Circle K employee Amy Willard asked him to leave the store; the incident occurred on a "Thursday afternoon prior to 6:00 p.m." when "everyone knew about the bad weather com[]ing on that Friday"; a recommendation has been entered for dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for failure to comply with a court order to amend the complaint); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA (in which Plaintiff sought $251,000,000.00 in compensatory damages arising from an incident in which Willard "sprayed an unknown chemical substance" near Smith and refused to check out his items at her register, though another employee at another

---

[3] Smith has represented to the court that he is "Law Enforcement" because he has "a 4 year degree in Justice and Public Safety from Auburn University at Montgomery (AUM)." *Smith v. Circle K Inc., et al.*, 2:23-cv-00576-MHT-JTA (Doc. No. 1 at 4.)

register checked his items out; the case was dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00022-RAH-KFP (seeking $250,000,000.00 in damages on a claim that Circle K employee Willard refused to serve Smith and instead called police to escort him from the store, allegedly in retaliation for previous lawsuits and on the basis of race and gender; the case was dismissed for failure to comply with court orders); *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB (seeking $202,000,000.00 in damages on claims arising out of a dispute that originated when a store employee offered Smith cooked food which then led to an incident in which store employees allegedly refused to sell him water and a newspaper and instead called the police, and also arising out of a separate incident concerning a dispute over whether Smith was entitled to a free bottle of water; case was dismissed for lack of jurisdiction).

### C.    Smith's Complaint in This Action is Due to Be Dismissed

In his Complaint in this case, Smith alleges that, on Friday, March 24, 2023, at the Circle K store on Madison Avenue in Montgomery, Alabama, he purchased food with his food stamps and then Adrian "attacked"[4] him without provocation. (Doc. No. 1 at 2.) Smith further alleges that he was "similarly attacked by another Circle K employee after purchasing food with [his] food stamps earlier on a different date." (*Id.*) Smith alleges absolutely no other facts – no physical injury, no details of either alleged attack, nothing.

The remainder of the Complaint is mostly a rattled-off list of causes of action (some that are recognized causes of action and some, like "[c]onspiracy to commit bodily harm

---

[4] The Complaint does not indicate whether the "attack" was verbal, physical, or some other kind.

on a picensed [sic] paralegal," that are not).[5] Smith included a demand for "$1 Billion" in addition to damages for pain and suffering, unspecified compensatory damages, punitive damages, and damages for defamation, though there are no factual allegations pertinent to a defamation claim. (*Id*. at 3.)

Smith has been directed repeatedly that, among other things, Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Smith has been told on numerous occasions that simply rattling off the names of some federal causes of action (and other things like "conspiracy to commit bodily harm on a food stamp recipient" that are not recognized federal causes of action) is not sufficient to state a cause of action under federal law. As Smith has been told, the Complaint must state *facts* establishing that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions"); *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP (Doc. No. 9 at 5) (advising Smith that naming causes of action, without sufficient facts to establish that cause of action, is not sufficient to state a claim upon which relief can be granted).

"Attacking" someone without provocation, without more, is not unlawful discrimination, nor does it necessarily give rise to a federal cause of action. "Civil rights

---

[5] Causes of action and purported causes of action mentioned in the Complaint are: "creating a hostile [sic] shopping environment," "conspiracy to commit bodily harm on Law Enforcement," "[c]onspiracy to commit bodily harm on a licensed Paralegal [sic]," "conspiracy to commit bodily harm on a food stamp recipient," "[d]efamation," "[r]ace discrimination, gender discrimination, and age discrimination," "mental anguish, emotional distress, a pattern and practice of harassment, federal witness tampering," "a pattern and or practice of racial harassment," and "federal witness assault." Some of these were listed at least twice. (Doc. No. 1 at 2-4.)

laws were not intended to be a 'civility code.'" *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Moreover, "[l]awsuits are not vehicles for avenging one's pride or for venting indignation at a perceived insult or moral failing; they are for addressing a *legal* wrong." *Lietzke v. City of Montgomery, Ala*., No. 2:21-CV-207-ECM-JTA, 2023 WL 3937427, at *4 (M.D. Ala. June 9, 2023) (emphasis in original). The Complaint contains no factual allegations to substantiate Smith's bare assertions that Adrian's motives were unlawfully discriminatory or otherwise actionable under federal law. Therefore, Smith's sparse factual allegations are insufficient to establish a federal cause of action. *See, e.g.*, *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP (Doc. No. 9 at 4-6) (order requiring Smith to amend a remarkably similar complaint because "[s]imply using the words 'discrimination' or 'harassment' will not state a plausible claim," because Smith "articulates nothing about how he was defamed (or even that he *was*)," and because Smith "asserts the words 'federal witness tampering' but he articulates no factual details connected with this assertion and provides no legal authority to support such a claim;" the case was subsequently dismissed for failure to comply with court orders because, as is his common practice, Smith did not amend his complaint as ordered); *Smith v. Eike*, No. 2:12CV85-MHT, 2013 WL 639187, at *6 (M.D. Ala. Jan. 9, 2013), *report and recommendation adopted*, No. 2:12CV85-MHT, 2013 WL 639134 (M.D. Ala. Feb. 20, 2013) (stating, in a case in which Smith alleged that he was asked to leave a food establishment after purchasing food: "[e]vidence of discriminatory *intent* is required to establish a *prima facie* case of race discrimination" (citing *Hall v. Ala. Ass'n of School Bds.*, 326 F.3d 1157, 1167 (11th Cir. 2003)) (emphasis in original)).

Smith's Complaint also fails to state a defamation claim under Alabama law. "The elements of a cause of action for defamation in Alabama are: 1) a false and defamatory statement concerning the plaintiff, 2) an unprivileged communication of that statement to a third party, 3) fault amounting at least to negligence on the part of the defendant, and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." *Forte v. City of Montgomery*, 420 F. Supp. 3d 1239, 1244 (M.D. Ala. 2019) (citing *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003)). Smith alleges no facts that are sufficient to meet *any* element of a defamation claim under Alabama law, much less all of them. *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP (Doc. No. 9 at 4-6) (order pointing out that an allegation of "defamation" in similar complaint failed to state a claim upon which relief could be granted because, among other things, Smith "articulates nothing about how he was defamed (or even that he *was*)").

Finally, as Smith already has been told on many previous occasions, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires him to plainly state the grounds for the court's subject matter jurisdiction. Yet, aside from merely listing federal causes of action that are unsupported by the alleged facts, he has not bothered to attempt to allege the grounds for subject matter jurisdiction in this case. Even generously construing the Complaint as asserting state law claims for defamation and assault and battery cannot save Smith's Complaint from his failure to comply with Rule 8(a)(1). Smith alleges he is entitled to "$1 Billion," but Smith makes no factual allegations from which it could reasonably be inferred that his damages from any alleged assault, battery, and defamation approaches the

gargantuan sum of "$1 Billion" or even exceeds $75,000.00. Smith alleges no specific physical injuries, no reputational injuries, and no specific mental or emotional injuries. Even if Smith's damages do exceed $75,000.00, Adrian is a citizen of Alabama,[6] thus precluding the exercise of diversity jurisdiction. *See Smith v. Circle K Inc., et al.*, Case No. 2:20-cv-699-WKW-CWB (Doc. No. 5 at 3-4) (explaining to Smith the requirements of diversity jurisdiction); *see also Cail v. Joe Ryan Enterprises, Inc*., 65 F. Supp. 3d 1288, 1291 (M.D. Ala. 2014) (explaining the requirement of complete diversity in cases founded on diversity jurisdiction). As the complaint plainly lacks a basis in law because diversity jurisdiction is lacking and no federal claims are alleged, it is frivolous. *Miller*, 541 F.3d at 1100 (noting that a complaint that lacks an arguable basis in law is frivolous).

Again, simply naming random federal causes of action untethered to any supporting factual allegations is not enough to establish a federal cause of action or establish federal subject matter jurisdiction. However, *if* Smith is considered to have invoked federal jurisdiction sufficient to attach supplemental jurisdiction to his state law claims, then his supplemental state law claims should nevertheless alternatively be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

---

[6] As demonstrated by Smith's many cases involving his ongoing disputes with Adrian, Adrian has consistently worked as an employee of the Circle K in Montgomery, Alabama. The only reasonable inference to be drawn from the Complaint is that he is a citizen of Alabama because he regularly works here at a convenience store in the heart of the state. However, if Adrian is not an Alabama citizen, Smith has the opportunity to bring Adrian's true citizenship to the Court's attention should he choose to object to this Recommendation.

No opportunity to amend should be allowed before dismissal. An opportunity to amend is not necessary where, as here, dismissal is without prejudice, the complaint is frivolous, and allowing the opportunity to amend would be futile. *Emrit*, 829 F. App'x at 477; *Nezbeda*, 789 F. App'x at 183; *Cornelius*, 585 F. App'x at 1000. Affording Smith an opportunity to amend would be futile because, despite the expenditure of judicial resources in case after case explaining to him why his complaints require amendment and providing opportunities to amend, he habitually does not comply with such orders (nor did he apply the court's past instructions in drafting his complaint in this case). *See, e.g.*,[7] *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. Adrian*, Case No. 2:23-cv-192-RAH-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-168-MHT-JTA; *Smith v. Circle K Inc. et al.*, Case No. 2:23-cv-78-MHT-JTA (where Smith not only failed to comply with an order requiring him to amend, but instead responded to that order by filing a document (Doc. No. 11) flatly stating that "no amendment is needed at this time"); *Smith v. Circle K Inc.*, Case No. 2:23-cv-67-MHT-JTA; *Smith v. Adrian*, Case No. 2:23-cv-191-MHT-KFP. There is, therefore, no reason to suspect that *sua sponte* allowing an opportunity to amend in this case would be anything but futile and a waste of judicial resources and time.

---

[7] This is by no means an exhaustive list of cases in which Smith willfully ignored orders to amend.

Despite this Recommendation, if Smith wishes to address the deficiencies in his Complaint, he is not without recourse prior to dismissal. Smith "will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his [C]omplaint prior to any dismissal of the [C]omplaint." *Larkins v. Montgomery Cnty. Cir. Ct*., No. 2:19-cv-281-MHT-WC, 2020 WL 2744116, at \*6 n.3 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, No. 2:19-cv-281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020).

Finally, as he already well knows, Smith is again reminded that this is <u>his</u> lawsuit, and it is <u>his</u> duty to comply with court orders and stay abreast of developments in the case. *See Smith v. Circle K Inc*., Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 8 n.9) ("Smith is responsible for staying informed on the status of his cases."), *recommendation adopted*, August 29, 2023 Order of the United States District Judge (Doc. No. 9). On July 3, 2023, Smith filed a notice that his post office box was closed, and that he hoped to have the issue resolved "sometime in July of 2023 if not before then." (Doc. No. 8 at 1.) Smith is aware that he was not receiving mail sent to his address of record. (*Id*.) He has since updated his address in other cases. *See*, *e.g.*, *Smith v. Circle K Inc. et al*., Case No. 2:23-cv-78-MHT-JTA (Doc. No. 11). He knows that he is responsible to stay informed of the status of his cases and update his address with the court, knows that he has had issues receiving mail, resides in the area,

and is capable of checking the status of his case by contacting or visiting the Office of the Clerk of the Court. As noted in a previous action:

> Smith has numerous cases currently pending before this court. If he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court.

*Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 9) (footnote omitted). Accordingly, any failure to receive this Order and Recommendation does not excuse Smith from timely filing an objection.

### III.   CONCLUSION

Accordingly, it is

ORDERED that the Application to Proceed Without Prepayment of Fees (Doc. No. 8) is GRANTED.

Further, for the reasons stated above, it is the

RECOMMENDATION OF THE MAGISTRATE JUDGE that the Complaint be dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure, *Twombly*, and *Iqbal*, and § 1915(e)(2)(B)(i)-(ii). Smith's state law claims should alternatively be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Further, it is

ORDERED that the parties shall file any objections to this Recommendation on or before **November 6, 2023**.  A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of October, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE