IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-CV-190-RAH |
| MR. ADRIAN, | ) ) ) |
| Defendant. | ) ) ) |

## **ORDER**

On October 20, 2023, the Magistrate Judge recommended this case be dismissed. On November 8, 2023, Plaintiff Peter J. Smith submitted a letter (Doc. 12), which the Court construes as including objections to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in

order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In his letter, Plaintiff notified the Court that he is unable to receive mail on a consistent basis. The Magistrate Judge, however, addressed the problem in her Recommendation as follows:

> . . . [A]s he already well knows, Smith is again reminded that this is his lawsuit, and it is his duty to comply with court orders and stay abreast of developments in the case. *See Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 8 n.9) ("Smith is responsible for staying informed on the status of his cases."), recommendation adopted, August 29, 2023 Order of the United States District Judge (Doc. No. 9). On July 3, 2023, Smith filed a notice that his post office box was closed, and that he hoped to have the issue resolved "sometime in July of 2023 if not before then." (Doc. No. 8 at 1.) Smith is aware that he was not receiving mail sent to his address of record. (*Id.*) He has since updated his address in other cases. *See*, *e.g.*, *Smith v. Circle K Inc. et al.*, Case No. 2:23-cv-78-MHT-JTA (Doc. No. 11). He knows that he is responsible to stay informed of the status of his cases and update his address with the court, knows that he has had issues receiving mail, resides in the area, and is capable of checking the status of his case by contacting or visiting the Office of the Clerk of the Court. As noted in a previous action:
>
>> Smith has numerous cases currently pending before this court. If he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court.

*Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 9) (footnote omitted). Accordingly, any failure to receive this Order and Recommendation does not excuse Smith from timely filing an objection.

(Doc. 11 at 16-17.)  This Court agrees with the Magistrate Judge.

Accordingly, upon an independent review of the record, it is

ORDERED as follows:

1. The Objections (Doc. 12) are OVERRULED;

2. The Recommendation (Doc. 11) is ADOPTED;

3. This case is DISMISSED without prejudice.

DONE, on this the 12th day of December 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE